**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DeWAYNE RODRIGUEZ,

    Plaintiff,

v.                                                  Case No. 07-CV-13828

MUSTANG MANUFACTURING COMPANY,

    Defendant.
                                                 /

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Pending before the court is Defendant Mustang Manufacturing Company's ("Mustang's") May 12, 2008 motion for summary judgment. The matter has been fully briefed and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**

The following facts are undisputed. On October 13, 2004, Plaintiff DeWayne Rodriguez claims to have injured his leg while operating his skid steel loader, which was designed and manufactured by Mustang. (Pl.'s Compl. at ¶¶ 7-12.) Rodriguez subsequently conferred with five different personal injury attorneys – including Mark Miller, his lawyer in this action – about the possibility of bringing suit against Mustang. (Aff. of DeWayne Rodriguez, Pl.'s Resp. Ex. A, at ¶¶ 3, 5, 8.) On August 6, 2005, Rodriguez and Miller together examined the loader. (Pl.'s Resp. to D.'s First Interrogs. and Req. to Produc., D.'s Mot. Ex. B, No. 14a.)

Rodriguez filed for Chapter 7 bankruptcy on February 28, 2006. (Voluntary Petition to U.S. Bankr. Ct. (E.D. Mich.), D.'s Mot. Ex. C.) As part of these proceedings, he filed a "Summary of Schedules" which declared he had no "contingent and unliquidated claims of [any] nature." (Summary of Schedules to U.S. Bankr. Ct. (E.D. Mich.), D.'s Mot. Ex. D, Schedule B.) He also did not list the loader in question as among the "[a]utomobiles, trucks, trailers, and other vehicles and accessories" he was required to report as personal property. (*Id.*) Rodriguez claims that he disclosed to his bankruptcy lawyer his consultations with various attorneys about a possible lawsuit over his injury, but that no case had yet been filed. (Rodriguez Aff. at ¶ 11.) According to Rodriguez, his bankruptcy attorney then advised him that it was unnecessary to include the claim in the Summary of Schedules. (*Id.* at ¶ 12.) Rodriguez was discharged as a debtor on July 25, 2006. (Discharge of Debtor (Bankr. E.D. Mich.), Mot. Ex. E.)

Less than two weeks later, on August 6, 2006, Rodriguez, Miller, and an investigator again examined the loader. On September 11, 2007, Miller filed this products liability suit against Mustang on behalf of Rodriguez. Mustang filed this motion for summary judgment on May 12, 2008.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories,

admissions and affidavits in the record, construed favorable to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d 497 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment - the disputed factual issue must be material. *See Anderson*, 477 U.S. at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict - 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## III. DISCUSSION

Mustang has met its burden for summary judgment by demonstrating that there is no genuine issue of material fact and it is entitled to judgment on the merits. *See* Fed. R. Civ. P. 56(c). Rodriguez does not dispute the material facts as presented by Mustang. Rodriguez's personal injury claim accrued in October of 2004, he filed for bankruptcy without reporting his claim, was discharged as debtor in 2006 and then filed this suit in September of 2007. Based on these facts, Mustang is entitled to judgment as a matter of law. Under Federal Rule of Civil Procedure 17(a), the bankruptcy trustee in charge of Rodriguez's estate is the only entity able to bring the claim as the real party in interest. Additionally, Rodriguez's representation to the bankruptcy court that he did not have any unliquidated legal claims judicially estops him from pursuing this action.

### A. Real Party in Interest under Federal Rule of Civil Procedure 17(a)

According to Federal Rule of Civil Procedure 17(a), "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). A real party in interest is "the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994) (citations omitted). Mustang correctly asserts that this right reverted to the trustee of Rodriguez's estate under applicable principles of bankruptcy law.[1]

---

[1]Plaintiff's arguments as to whether Rodriguez has sustained an injury in fact are misplaced. (*See* Pl.'s Resp. at 4-5.) Mustang does not contest that Rodriguez's injury confers upon the real party in interest the constitutional standing to bring a claim before the court. Article III standing inquiries and Rule 17(a) real party in interest determinations are very different questions. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 532-33 (6th Cir. 2002) (quoting *Kent v. N. Cal. Reg'l Office of the Am. Friends Serv. Comm.*, 497 F.2d 1325, 1329 (9th Cir. 1974)).

When an individual files for bankruptcy, all of his legal and equitable interests[2] in property become part of his estate, 11 U.S.C. § 541(a)(1), and "it is well established that interests of the debtor in property include causes of action." *In re Van Dresser Corp.*, 128 F.3d 945, 948 (6th Cir. 1997) (quoting *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988)) (internal quotations omitted); *see also In re Cottrell*, 876 F.2d 540, 542 (6th Cir. 1989) (holding debtors' nonassignable personal injury claim was part of the assets of their bankruptcy estate). Upon filing for bankruptcy the debtor is required to surrender all property of the estate to the trustee appointed to administer it. 11 U.S.C. § 521(a)(4). The trustee becomes the representative of the estate, 11 U.S.C. § 323(a), responsible for "collect[ing] and reduc[ing] to money the property of the estate," 11 U.S.C. § 704(a)(1), and has the capacity to sue and be sued, 11 U.S.C. § 323(b). Thus the debtor relinquishes to the bankruptcy trustee any and all legal claims that have accrued prior to his filing, giving the latter the exclusive right to assert them. *Van Dresser*, 128 F.3d at 948. This makes the trustee the only real party in interest under Rule 17(a). *Maerki v. Wilson*, No. 93-3857, 1995 WL 242004, at *2 (6th Cir. Apr. 25, 1995); *In re Bard*, 49 F. App'x 528, 529 (6th Cir. 2002). Since Rodriguez's personal injury claim accrued before he filed for bankruptcy, it is part of his estate. He is no longer able to pursue it on his own behalf.

Summary judgment in this case does not defy Rule 17's mandate that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). This

---

[2]Excluding those interests enumerated in 11 U.S.C. § 541(b), (c)(2), none of which apply to the instant case.

provision has lead the Sixth Circuit to remark that "the district court should first consider ratification or substitution by the trustee prior to dismissing plaintiff['s] case." *Knight v. New Farmers Nat. Bank*, No. 90-6071, 1991 WL 207056, at *2 (6th Cir. Oct. 16, 1991). But consideration of this case suggests that Rodriguez has been given sufficient opportunity to ensure his claim is brought by the real party in interest.

First, Rodriguez has had already had a reasonable time to ascertain the real party in interest. As Mustang points out, it has been two years since Rodriguez filed his bankruptcy petition (February 26, 2006) and obtained his bankruptcy discharge (July 25, 2006). (D.'s Mot. at 7.) Rodriguez did not list his claim as a scheduled asset in the original bankruptcy proceeding, and at no time after his discharge has he sought to reopen his bankruptcy proceeding to assert his claim. Granting Rodriguez time now to reopen or substitute the trustee as the prosecuting party would cause months of delay, taking this action well outside the statute of limitations on the original claim. Though this fact does not constitute a procedural bar to Rodriguez's case, *see* Fed. R. Civ. P. 17(a)(3) ("After . . . substitution, the action proceeds as if it had been originally commenced by the real party in interest."), it is unfairly prejudicial to Mustang. Evidence has already been lost or moved during the almost four years since Rodriguez's injury, to the detriment of Mustang's discovery efforts. (*See* D.'s Mot. at 7-8.) Given Rodriguez's failure to determine the real party in interest despite years of opportunity to do so, and the harm that an additional delay would cause Mustang, the month that has passed since Mustang's Rule 17 objection constitutes a reasonable period to amend the complaint. *See Siler v. Wal-Mart Stores, Inc.*, No. 03-00031, 2005 WL 1185805, at *4 (S.D. Ohio May 17, 2005) (concluding that Rule 17(a)(3) did not merit judicial stay to

6

allow the plaintiff to seek reopening in bankruptcy court, as plaintiff had years after bankruptcy discharge to determine the real party in interest).

Second, allowing Rodriguez the opportunity to seek a reopening and substitute the trustee as the real party in interest would contravene the purposes of Rule 17(a)(3)'s reasonable time requirement. Rule 17(a)(3) is "intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 532 (6th Cir. 2002). Neither of these circumstances are present here. The law of the Sixth Circuit clearly demonstrates that Rodriguez's bankruptcy trustee had the exclusive right to bring the bankruptcy claim.[3] *See, e.g., Van Dresser*, 128 F.3d at 948. Plaintiff's failure to declare the claim during the initial bankruptcy proceeding or to subsequently move to reopen the case is not the result of a reasonable mistake.[4] Under these circumstances, it would be inappropriate to allow Rodriguez more time to amend under Rule 17(a)(3), which is designed to protect defendants from a "subsequent action by the party actually entitled to recover" as much as it is meant to protect plaintiff's claim from dismissal on a procedural technicality. *Zurich*, 297 F.3d at 532. Thus, summary judgment under Rule

---

[3] In his response to Mustang's summary judgment motion, Rodriguez points to no case that disputes this conclusion. He cites to *Matter of Young*, 93 B.R. 590 (Bankr. S.D. Ohio 1988) for the proposition that a bankruptcy court may reopen a debtor's case in order to allow prosecution of personal injury claims, but his equitable arguments as to why his case should be reopened are for the bankruptcy court and irrelevant to a Rule 17(a) determination.

[4] Rodriguez's insistence that he originally failed to list the claim on his bankruptcy attorney's erroneous advice does not constitute an understandable mistake. The merits of this claim are questionable, as explored in more detail in Section B. However, even if Rodriguez relied in good faith on his attorney's advice when filing his schedule of assets, this does not explain why he failed to later inform the bankruptcy court of the claim when his suit seemed likely to be filed, nor why he later failed to seek to reopen his case.

7

17(a) is appropriate: the bankruptcy trustee, and not Rodriguez, is the real party in interest entitled to prosecute this claim and Rodriguez has been given a reasonable time to substitute the trustee as plaintiff in this action.

### B. Judicial Estoppel

Even if Rodriguez was not prevented from bringing this action by Federal Rule of Civil Procedure 17(a), the doctrine of judicial estoppel would bar his claim. "Judicial estoppel is an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217-18 (6th Cir. 1990). Three factors to consider when determining whether judicial estoppel applies have been identified by the Supreme Court: 1) a party's later position must be clearly inconsistent with its earlier position; 2) the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; 3) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001); *but see Browning v. Levy,* 283 F.3d 761, 775 (6th Cir. 2002) (noting these factors are not "inflexible prerequistes or an exhaustive formula for determining the applicability of judicial estoppel").

Rodriguez's omission of his personal injury claim against Mustang is a "contrary position [taken] under oath in a prior proceeding and . . . accepted by the court" such that he should be estopped from pursuing the present claim. *Teledyne*, 911 F.2d at

1218. Asserting a claim against Mustang is "clearly inconsistent" with the position Rodriguez took before the bankruptcy court. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F2d 414, 419 (3rd Cir. 1988), *cited in Browning*, 283 F.3d at 775. As a debtor, he was required to file a schedule of assets and liabilities, 11 U.S.C. § 521(a)(1)(B)(i), and it is "well-settled that a cause of action is an asset that must be scheduled under § 521." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005). Further, "[t]he duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." *Id.* The bankruptcy court's discharge of Rodriguez from his debts was an acceptance of his inconsistent position that he had no assets – including no legal claims – other than those declared on his Summary of Schedules. Finally, allowing Rodriguez to assert the claim gives him an unfair advantage over Mustang: it permits him to personally gain from his omission at Mustang's expense. These circumstances parallel those of several recent cases in which the courts in this circuit have found a plaintiff's claim barred by failure to disclose it in bankruptcy court. *See Tyler v. Federal Express Corp.*, 206 F. App'x 500, 501-02 (6th Cir. 2006); *Felix v. Dow Chemical Co.*, No. 07-971, 2008 WL 207857, at *4 (S.D. Ohio Jan. 23, 2008); *Elkins v. Summit Co., Ohio*, No. 06-3004, 2008 WL 622038, at *5 (S.D. Ohio March 5, 2008); *Stratenberger v. Prime Therapeutics, LLC*, No. 07-10884, 2007 WL 4218963, at *4 (E.D. Mich. Nov. 29, 2007); *Harvey v. Lowe's Home Ctrs., Inc.*, No. 05-1178, 2006 WL 1129381, at *3 (W.D. Tenn. Apr. 25, 2006).

This is not a case where judicial estoppel should not apply because the inconsistent position occurred due to "mistake or inadvertence." *Browning*, 283 F.3d at 776. Plaintiff claims that he told his bankruptcy attorney about the potential personal

9

injury claim and she advised him that it was unnecessary to include it in the schedule of assets, (Rodriguez Aff. at ¶¶ 11-12), making the omission inadvertent. A debtor's failure to disclose a personal injury claim may be deemed inadvertent in two circumstances: 1) the debtor lacks knowledge of the factual basis of the undisclosed claims; 2) the debtor has no motive for concealment. *Browning*, 283 F.3d at 776 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)). Rodriguez does not suggest that he lacked knowledge of his undisclosed claim, and the evidence suggests that he knowingly withheld his claim from the bankruptcy court.

By Rodriguez's own account, his lawyer advised him that he need not report the claim "because no lawsuit had been filed and no lawyer had agreed to file a case for me." (Rodriguez Aff. at ¶ 12). However, Rodriguez and Miller inspected the Mustang loader six months before filing for bankruptcy, and again less than one month after Rodriguez was discharged from debt. (Pl.'s Resp. to D.'s First Interrogs. and Req. to Produc. No. 14a-b.) The short period between Rodriguez's discharge and the second inspection implies that he knew Miller would be taking the case before the end of the bankruptcy proceedings (and so before his obligation to disclose his legal claims expired) – making his attorney's advice no longer applicable. In addition to excluding his personal injury claim Rodriguez did not list the loader on his schedule of assets, which under the circumstances suggests he intentionally concealed it to retain it for a lawsuit. These suggest a strong motive to conceal, making departure from the general rule that a party is bound by the mistakes of her attorney inappropriate. *See Sharp v. Oakwood United Hospitals*, 458 F. Supp.2d 463, 472-73 (E.D. Mich. 2006) (citing *Link v.*

10

*Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962), *Coleman v. American Red Cross*, 23 F.3d 1091, 1094-95 (6th Cir. 1994)).

Permitting Rodriguez to state his claims in this situation, even after allowing him to reopen the bankruptcy proceeding to involve the trustee, would undermine judicial management of bankruptcy cases:

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002). Thus, inasmuch as Defendant has not shown that inadvertence or mistake should prevent the application of judicial estoppel, his claims is barred on that ground even had he been able to overcome the procedural roadblock in Federal Rule of Civil Procedure 17(a). Since Mustang has shown it is entitled to judgment as a matter of law, its motion for summary judgment will be granted.

## IV. CONCLUSION

IT IS ORDERED that Defendant's May 12, 2008 motion for summary judgment [Dkt. #11] is GRANTED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 27, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2008, by electronic and/or ordinary mail.

                                         S/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522